UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ISATU VILLE,<br><br>    Plaintiff,<br>v.<br><br>FIRST CHOICE IN HOME CARE,<br><br>    Defendant. | CASE NO. C17-0548JLR<br><br>ORDER STRIKING PRO SE DOCUMENT |

Plaintiff Isatu Ville filed a pro se document with the court (1/12/18 Letter (Dkt. # 20)) even though she is represented by counsel Matthew Furness (*see* Not. of Appearance (Dkt. # 14) at 1). Under Local Rule 83.2(b)(5), "[w]hen a party is represented by an attorney of record in a case, the party cannot appear or act on his or her own behalf in that case, or take any step therein, until after the party requests by motion to proceed on his or her own behalf." Local Rules W.D. Wash. LCR 83.2(b)(5); *see also Le v. Almager*, No. C 08-03293 SBA, 2013 WL 415632, at *1 (N.D. Cal. Jan. 31, 2013) ("A court need not consider pro se motions filed by a party who remains represented by

ORDER - 1

counsel."). Ms. Ville has not filed a motion to proceed on her own behalf. (*See* Dkt.) If Ms. Ville would like to do so, she must first follow the procedures outlined in Local Rule 83.2(b). *See* Local Rules W.D. Wash. LCR 83.2(b). Thus, the court STRIKES Ms. Ville's pro se document (Dkt. # 20).

Furthermore, the court cautions both Mr. Furness and Ms. Ville: This is the second pro se document Ms. Ville has filed with the court. (*See* 1/2/18 Letter (Dkt. # 18).) The court issued a similar order striking the previous document. (*See* 1/5/18 Order (Dkt. # 19).) Courts have inherent authority to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)). This inherent authority includes the ability "to impose sanctions for bad faith, which includes a broad range of willful improper conduct." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). Courts can also impose sanctions when a party willfully disobeys a court order. *See, e.g., Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 964-65 (9th Cir. 2004).

Mr. Furness, as counsel, had notice of the court's previous order. (1/5/18 Order; *see generally* Dkt.) If Mr. Furness is unable to continue representing Ms. Ville, he should follow the local rules to withdraw his appearance. *See* Local Rules W.D. Wash. LCR 83.2(b)(1). In addition, if Ms. Ville continues to disregard the court's orders and the local rules, the court will consider the issuance of sanctions, including dismissal of the case.

//

//

Dated this 16th day of January, 2018.

*[signature]*
JAMES L. ROBART
United States District Judge