UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| ISATU VILLE, | CASE NO. C17-0548JLR |
|---|---|
| Plaintiff, | ORDER GRANTING MOTION TO WITHDRAW AND DENYING REQUEST TO APPOINT NEW COUNSEL |
| v. | |
| FIRST CHOICE IN HOME CARE, | |
| Defendant. | |

## I. INTRODUCTION

Before the court are: (1) the motion to withdraw as counsel filed by Matthew Furness, counsel for Plaintiff Isatu Ville (Mot. (Dkt. # 22)); and (2) Ms. Ville's objection to Mr. Furness's withdrawal, in which she requests that the court appoint her new counsel if the court grants Mr. Furness's motion (Resp. (Dkt. # 23)). Defendant First Choice in Home Care does not object to either the motion or the request. (*See* Dkt.) The court has considered the submissions in support of and in opposition to the motion and request, the relevant portions of the record, and the applicable law. Being fully advised, the court

ORDER - 1

1 | GRANTS Mr. Furness's motion to withdraw as counsel and DENIES Ms. Ville's request
2 | to appoint new counsel.

## II. BACKGROUND AND DISCUSSION

An attorney seeking to withdraw must serve the motion on the client and opposing counsel. Local Rules W.D. Wash. LCR 83.2(b)(1). "If a withdrawal will leave a party unrepresented, the motion to withdraw must include the party's address and telephone number." *Id.* An attorney in a civil case will ordinarily be permitted to withdraw until 60 days before the discovery cutoff date. *Id.*

Mr. Furness certified that he served the motion on Ms. Ville and opposing counsel, and informed Ms. Ville that she would be responsible for managing her case unless she finds a new attorney. (*See* Mot. at 1, 3; Mot. at 1, Ex. A (Dkt. # 22-1).) Mr. Furness's motion includes Ms. Ville's address (*see* Mot. at 1, Ex. A), but it fails to include Ms. Ville's telephone number (*see generally* Mot.). However, Ms. Ville has independently provided the court with her phone number on numerous occasions. (*See, e.g.*, 1/2/18 Letter (Dkt. # 18) at 6; Resp. at 1.) The discovery cutoff date in this case is July 9, 2018. (*See* Min. Order (Dkt. # 17).) Mr. Furness's motion therefore sufficiently complies with the local rules. *See* Local Rules W.D. Wash. LCR 83.2(b)(1)

Mr. Furness's motion to withdraw is based on "[s]ubstantial and irreconcilable differences concerning the course and scope of counsel's representation as well as the case itself" between him and Ms. Ville. (Mot. at 1.) The letters that Ms. Ville has filed with the court underscore the breadth of the differences. (*See* 1/2/18 Letter; 1/12/18 Letter (Dkt. # 20).) In her letters, Ms. Ville complains that Mr. Furness refuses to "file

[her] case" and requests that the court decide the case. (*See* 1/2/18 Letter at 1-2; 1/12/18 Letter at 1-2.) Ms. Ville also attaches email correspondence between herself and Mr. Furness, in which Mr. Furness advises her on the merits and strategy for her case. (*See, e.g.*, 1/12/18 Letter at 4.) Mr. Furness further attempted to obtain a stipulated withdrawal from this case once he realized he had "a major conflict" with Ms. Ville in how to proceed, but Ms. Ville refused. (*See id.* at 7-9.) Having reviewed the record, the court grants Mr. Furness's motion to withdraw.

In her complaint, Ms. Ville alleges employment discrimination based on race, gender, national origin, and retaliation in violation of Title VII of the Civil Rights Act. (Compl. (Dkt. # 5) at 2.) The court originally appointed Ms. Ville counsel. (*See* 6/5/07 Order (Dkt. # 13).) A plaintiff has no constitutional right to appointed counsel in an employment discrimination suit. *Ivey v. Bd. Of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). However, pursuant to 28 U.S.C. § 1915(e)(1), this court has the discretion to appoint counsel for indigent litigants proceeding *in forma pauperis*. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). The court may appoint counsel only on a showing of "exceptional circumstances." *Id.*; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331. These factors must be viewed together before reaching a decision on a request for counsel under § 1915(e)(1). *Id.*

//

ORDER - 3

Here, the court finds that Ms. Ville has failed to show exceptional circumstances. In particular, Ms. Ville's repeated filings with the court show that she is able to articulate the legal and factual bases of her claims. (*See* 1/2/18 Letter; 1/12/18 Letter; Resp.) Ms. Ville appears capable of expressing herself. (*See id.*) In addition, despite her ability to articulate her case, Ms. Ville's filings have called into question the merits of her claim, which further weighs against appointing counsel. (*See, e.g.*, 1/12/18 Letter at 7.) Accordingly, the court denies Ms. Ville's request to appoint new counsel at this time. (*See* Resp. at 1.) The court advises Ms. Ville that she must represent herself *pro se* unless and until she is able to retain counsel and counsel enters an appearance on her behalf in this case. Materials to assist *pro se* litigants are available on the United States District Court for the Western District of Washington's website. Nevertheless, *pro se* litigants are responsible for complying with all of the applicable deadlines and court rules, including the Federal Rules of Civil Procedure and the Western District of Washington's Local Rules, which can also be found on the Western District of Washington's website. *See, e.g., Solis v. McKessen*, 465 F. App'x 709, 710 (9th Cir. 2012) ("Pro se litigants must follow the same rules of procedure that govern other litigants.")

### III. CONCLUSION

For the foregoing reasons, the court GRANTS Mr. Furness's motion to withdraw (Dkt. # 22) and DENIES Ms. Ville's request that the court appoint new counsel (Dkt. # 23). The court also DIRECTS the Clerk to send a copy of this Order to Mr. Furness

//

//

and counsel for Defendant First Choice in Home Care, as well as Ms. Ville at 3721 S. 180th Street, #A204, SeaTac, WA 98188.

Dated this 21st day of February, 2018.

*[signature]*

JAMES L. ROBART
United States District Judge